# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2237 | **DATE** | 9/9/2004 |
| **CASE TITLE** | Daniel Gonzalez vs. Paul D. Lawent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, defendant's Motion for Summary Judgment [27-1] is granted; defendant's Motion for Finding Pursuant to 15 U.S.C. §1692k(a)(3) [27-2] is denied; plaintiff's Motion for Leave to File An Amended Complaint [39-1] is granted. The plaintiff may file and serve by September 23, 2004 a revised amended complaint not including the allegations of Paragraph 47 of the Proposed Amended Complaint. The defendant shall respond to that amended complaint within 14 days of service. Status in this case is hereby set for November 2, 2004 at 9:45 a.m. /s/ Geraldine Soat Brown
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 4 4 |
| | Copy to judge/magistrate judge. | | | |
| yp | courtroom deputy's initials | 2004 SEP -9 PM 4:15 | SEP 10 2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 2237 |
| | ) | Magistrate Judge Geraldine Soat Brown |
| PAUL D. LAWENT, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

SEP 1 0 2004

Before the court are two motions filed by defendant Paul D. Lawent ("Lawent"): a motion for summary judgment and a motion for a finding that this action was brought in bad faith [dkt 27]; and a motion by plaintiff Daniel Gonzalez ("Gonzalez") to amend the complaint. [Dkt 39.] For the reasons set out herein, Lawent's motion for summary judgment is granted as to the original complaint; however, Gonzalez's motion for leave to file an amended complaint is also granted as set out herein. Lawent's motion for a finding that this action was brought in bad faith is denied.

### Background

Factual background

In 1999, Gonzalez purchased a Chevrolet Lumina and a Buick LeSabre from Brim Motor Mart, Inc. ("Brim"). (Pl.'s LR Resp. ¶¶ 3, 4.)[1] About a year after purchasing the Buick, Gonzalez,

---

[1] The following facts are taken from the parties' responses to the respective statements filed pursuant to Local Rule 56.1, which are cited herein as: "Pl.'s LR Resp. ¶ __" [dkt 29] and "Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ __" [dkt 32], and from the exhibits submitted with their filings, which are cited herein as: "Def.'s Mot. Summ. J., Ex. __" [dkt 27] and "Pl.'s Cross-Mot.

-1-

who had fallen behind in his payments on the Buick, met with Martin Cohen ("Cohen"), a principal of Brim, to request a payoff figure that would satisfy the amount owed on the Buick. (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶¶ 19, 20.)[2] Gonzalez contends that Cohen gave him both a payoff letter and the title for the Buick with the assurance that the amount stated in the payoff letter would completely satisfy the outstanding debt on that car, including interest. (*Id.* ¶¶ 21, 22.) Cohen admits that he told Gonzalez that he would give him the title to the Buick, but maintains that Gonzalez orally agreed to pay a remaining balance that was allegedly still owed. (Def.'s Mot. Summ. J., Ex. 1, Aff. Martin Cohen ¶ 7.)

On June 25, 2000, Gonzalez presented the payoff letter to Jack Phelan Chevrolet ("Phelan") when Gonzalez traded in the Buick. (Pl.'s Cross-Mot. Summ. J., App. D, Decl. Daniel Gonzalez ¶

---

Summ. J., App. __" [dkt 28]. As explained below, Gonzalez withdrew his cross-motion for summary judgment in order to file a motion for leave to file an amended complaint. [Dkt 39, 40.] However, Gonzalez's cross-motion for summary judgment is discussed as part of the background.

[2] Lawent's Response to Gonzalez's Local Rule 56.1 Additional Statement of Material Facts is patently inadequate. Local Rule 56.1(a) states, in part:

> If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party.

L.R. 56.1(a). Lawent's Response to Paragraph 20, for example, states: "Denied. Defendant has no knowledge of this meeting and therefore denies this alleged fact and puts Plaintiff to his proof." (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 20.) That is clearly insufficient to meet the requirement of Local Rule 56.1(b)(3) for "specific references to the affidavits, parts of the record, and other supporting materials relied upon. . . ." Accordingly, because only one of Lawent's denials (*id.* ¶ 41) includes any specific references to the record or materials, all of the other additional facts in Gonzalez's Local Rule Additional Statement of Material Facts are deemed admitted for purposes of this motion.

6.) Phelan sent a check in the amount of $2,637.60 to Cohen. (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 25; Pl.'s Cross-Mot. Summ. J., App. C.) The check stub contained the notation, "PAY OFF ACC OF DANIEL GONZALEZ ON 92 BUICK LESABRE." (*Id.*) Cohen testified that he applied the amount of the check to the outstanding balance. (Pl.'s Cross-Mot. Summ. J., App. G, Cohen Dep. at 23-24.)

In May 2002, Cohen forwarded an auto credit statement to J.V.D.B. & Associates, Inc. ("JVDB"), a licensed collection agency. (Pl.'s LR Resp. ¶ 8.) Cohen attached the installment contract for the Buick (*id.*) but not for the Chevrolet because, Cohen maintains, he misplaced the file for the Chevrolet. (Cohen Dep. at 15, 20.) Cohen authorized JVDB to retain Lawent, an attorney, to pursue the matter in court. (Pl.'s LR. Resp. ¶¶ 10-11.)

In September 2002, Lawent filed a lawsuit on behalf of Brim against Gonzalez in the Circuit Court of Cook County. (*Id.* ¶ 13; Compl. ¶ 7 [dkt 1]; Pl.'s Cross-Mot. Summ. J., App. A, Verified Compl.) The lawsuit claimed $2,726.20 owing plus $350 in attorney's fees. (Verified Compl.) Lawent attached the installment contract for the Buick to the complaint and verified the complaint as follows: "I, Paul D. Lawent, on oath state that I am the ATTORNEY & AGENT *for the plaintiff* in the above entitled action. The allegations in this complaint are true, based upon information and belief." (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 37; Verified Compl. at 1.) Subsequently, Gonzalez and Lawent both appeared for trial on the complaint in the Circuit Court. (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 41.) However, because Cohen did not appear, the court dismissed the complaint for want of prosecution. (Pl.'s LR Resp. ¶ 16.) Gonzalez states, and Lawent denies, that Gonzalez showed Lawent a copy of the check from Phelan and the title to the Buick. (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 41.)

On February 3, 2003, Lawent filed a second lawsuit on behalf of Brim against Gonzalez, which contained the same allegations as the first lawsuit. (*Id.* ¶ 42.) Again, Lawent verified the complaint based upon information and belief. (*Id.* ¶ 43; Pl.'s Cross-Mot. Summ. J., App. B, [Second] Verified Compl. at 1.) Shortly after filing the second complaint, Lawent received a facsimile from Gonzalez's attorney, which included a copy of the check for the Buick sent by Phelan to Cohen. (Pl.'s Cross-Mot. Summ. J., App. I, Facsimile at 3.) Upon receiving the facsimile, Lawent confirmed the information with JVDB and, on its instruction, moved to dismiss the case against Gonzalez with prejudice. (Def.'s Resp. Pl.'s Add'l LR Stmt. ¶ 41.) The case was dismissed with prejudice on March 18, 2003. (*Id.*; Def.'s LR Stmt. Ex. 8, Lawent Aff. ¶ 5.)

Procedural history of this lawsuit

On April 1, 2003, Gonzalez filed this action against Lawent, alleging essentially the following. In June 1999, Gonzalez bought a car from Brim "on time." In June 2000, Gonzalez traded in the car to Phelan, and Phelan paid off the remainder of the amount owed on the car. In September 2002, Lawent filed a collection lawsuit against Gonzalez on behalf of Brim, with a complaint that was verified by Lawent without knowledge that the allegations were true. On the date set by the Circuit Court, Gonzalez showed Lawent a copy of the check from Phelan, and the initial lawsuit was dismissed in January 2003. In February 2003, Lawent filed a second complaint, which he also verified, although he had "good reason to believe that [the allegations] were false." (Compl. ¶¶ 5-14.) The complaint alleged that Lawent violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (*Id.* ¶ 17.) Specifically, the complaint stated:

> The verification of a complaint by counsel is a deceptive and unfair practice, in violation of 15 U.S.C. § 1692e, in that it amounts to a false representation of counsel's knowledge. *Young v. Meyer & Njus*, 96 C 4809, 1997 WL 452685 (N.D. Ill., Aug. 6, 1997). . . . It is a violation of the FDCPA for an attorney to verify a complaint. *Young v. Meyer & Njus*, 96 C 4809, 1997 WL 452685 (N.D. Ill., Aug. 6, 1997).

(Compl. ¶¶ 15, 17.)

Discovery in this case closed on November 13, 2003. [Dkt 25.] On January 5, 2004, Lawent filed the present motion for summary judgment, combined with a motion for a finding pursuant to 15 U.S.C. § 1692k(a)(3) that Gonzalez's action was brought in bad faith. [Dkt 27.] Gonzalez filed his Local Rule 56.1 response, and included in his response additional material facts. Gonzalez also filed a cross-motion for summary judgment, and Lawent responded to Gonzalez's cross-motion.

On June 4, 2004, Gonzalez's counsel appeared on a motion for leave to cite additional authority. [Dkt 38.] By then it was apparent that Gonzalez's cross-motion for summary judgment was based on alleged violations of the FDCPA that were substantially different from the single claim of the original complaint that an attorney's verification of a complaint is *per se* a violation of the FDCPA. Gonzalez's counsel was advised that the court would not grant summary judgment for the plaintiff on claims not fairly raised in the complaint, but that Gonzalez would be given an opportunity to move for leave to file an amended complaint. Gonzalez eventually withdrew his cross-motion for summary judgment and filed the present motion for leave to file an amended complaint. [Dkt 39, 40.] Lawent filed his response to Gonzalez's motion. [Dkt 41.]

I. **Lawent's Motion for Summary Judgment on the Original Complaint**

Gonzalez's original complaint rested on one claim: That it is a violation of the FDCPA for an attorney to verify a complaint. (Compl. ¶¶ 16, 17.) In his original complaint, Gonzalez cited

*Young v. Meyer & Njus, P.A.*, No. 96 C 4809, 1997 WL 452685 (N.D. Ill. Aug. 6, 1997) (Bucklo, J.); however, *Young* does not support Gonzalez's position. In that decision, the court refused to dismiss part of a complaint alleging that an attorney violated the FDCPA by purporting to verify a complaint on personal knowledge when the attorney's knowledge was limited to reviewing a client's computer print-out. *Young*, 1997 WL 452685 at *1. In the present case, Lawent verified the complaints on "information and belief," a basis not addressed in the *Young* decision. The decision in the *Young* case does not support Gonzalez's claim that verification of a complaint by an attorney is *per se* a violation of 15 U.S.C. § 1692f; on the contrary, the court in *Young* stated, "An attorney may verify a complaint if the attorney possesses personal knowledge of the relevant facts." *Id.*[3]

In fact, the very allegations that Gonzalez made in Paragraphs 16 and 17 of the original complaint (filed April 1, 2003) were determined a month later to be inadequate as a matter of law to state a claim under 15 U.S.C. § 1692e or § 1692f, where the verification made by the attorney was "based upon information supplied" by the attorney's client. *See Bradley v. Fairbanks Capital Corp.*, No. 02 C 7786, 2003 WL 21011801 at *2, 3 (N.D. Ill. May 5, 2003) (Gettleman, J.). *Accord O'Chaney v. Shapiro & Kreisman, L.L.C.*, No. 02 C 3866, 2004 WL 635060 at *3 (N.D. Ill. March 29, 2004) (Gottschall, J.) (citing *Bradley* and holding that "[a] plaintiff's claim that an attorney verification violates Section 1692e because the complaint was not based on 'personal knowledge' fails as a matter of law if – as here – the attorney states that the complaint is based on 'information and belief'"). *Cf. Lockett v. Freedman*, No. 03 C 2992, 2004 WL 856516 at *2-3 (N.D. Ill. April 21,

---

[3] Notably, the court in *Young* did not endorse the practice of an attorney verifying a complaint, observing that, by verifying the complaint, the attorney was placing herself in the position of being a potential witness. *Young*, 1997 WL 452685 at *1. However, neither the court nor the parties had found any authority making that practice a violation of Section 1692f. *Id.*

2004) (Lefkow, J.) (denying motion to dismiss claim under the FDCPA where the verification was not based on information and belief).

Thus, because Lawent verified the complaints "on information and belief," the fact that he, an attorney, made the verification without personal knowledge does not make the verification actionable under the FDCPA. Judgment is granted for Lawent on that claim.

## II. Gonzalez's Motion for Leave to File an Amended Complaint

Gonzalez seeks leave to file an amended complaint based on new evidence he obtained during discovery. (Pl.'s Mot. Leave File Am. Compl. ¶ 3.). The proposed amended complaint includes additional factual allegations regarding Brim's cashing of the check (*id.*, App. A, Proposed Am. Compl. ¶¶ 12-17), and regarding Lawent's filing of the two complaints in the Circuit Court. (*Id.* ¶¶ 33-46.) The proposed amended complaint asserts four claimed violations of the FDCPA, as follows:

1) That verification of a complaint by counsel on information and belief violates 15 U.S.C. § 1692f, when counsel has no personal knowledge of the truth or falsity of the allegations, and conducts no investigation into the validity of the debt, but delegates that to a collection agency;

2) That Lawent violated 15 U.S.C. § 1692e by filing two lawsuits attempting to collect on the alleged debt when the amount of the debt listed on the complaints was not the amount owed on the contract attached to the complaint;

3) That verification of a complaint by counsel on information and belief violates the FDCPA when counsel has no personal knowledge of the truth or falsity of the allegations, conducts no investigation into the validity of the debt, and is previously presented evidence that the debt has been paid in full; and

4) That Lawent violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and nature of the debt.

(*Id.* ¶¶ 47-50.)

Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been filed, a party may amend its pleading only by written consent of the adverse party or by leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is well-established that a plaintiff "ought to be afforded an opportunity to test his claim on the merits" when "the underlying facts or circumstances . . . may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*

Lawent argues that leave to amend should be denied because the amended complaint is untimely. (Def.'s Resp. Pl.'s Mot. File Am. Compl. at 1.) The applicable statute of limitations, 15 U.S.C. § 1692k(d), requires that an action be filed within one year of the date on which the violation occurred, and it is undisputed that the latest alleged action was Lawent's verification of the second complaint on February 3, 2003. (Proposed Am. Compl. ¶ 43.) Lawent also argues that he is prejudiced because he has spent the past year defending the clearly insufficient original complaint. Gonzalez responds that the allegations of the proposed Amended Complaint relate back to the original complaint, and that Lawent had notice that Gonzalez was suing him for violations of the FDCPA.

Statute of Limitations

An amended complaint may relate back to the date the original complaint was filed in order to avoid the statute of limitations when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The purpose of the rule is to "ameliorate the effect of the statute of limitations in instances where the opposing party has notice of the suit, but the amending party had failed to assert all possible claims or defenses arising out of the conduct, transaction, or occurrences set forth in the original pleading." *Commonwealth Fin. Corp. v. USAmeribancs, Inc.*, No. 86 C 6181, 1987 WL 19142 at *2 (N.D. Ill. Oct. 20, 1987) (Williams, J.) (quoting *Doe v. O'Bannon*, 91 F.R.D. 442, 447 (E.D. Pa. 1981)).

Lawent's response to Gonzalez's motion does not address Rule 15(c), which Gonzalez cited in his motion (Pl.'s Mot. Leave File Am. Compl. ¶ 5), nor does Lawent offer any reason why the amended complaint should not be deemed to relate back to the filing of the original complaint.

In this case, the claims in Gonzalez's proposed amended complaint are based on the same conduct, occurrences or transactions as were in Gonzalez's original complaint, adding only expanded factual allegations and additional claims under the FDCPA arising out the same conduct, occurrences or transactions. Therefore, the amended complaint relates back to the filing of the original complaint, and is not barred by the statute of limitations.

Delay and Undue Prejudice

Lawent also argues that Gonzalez waited an unreasonable amount of time to seek to amend his complaint and, therefore, the motion to amend should be denied. It is well established in this

Circuit that requests for leave to file an amended complaint that come after the close of discovery and in response to a motion for summary judgment are not favored and may be denied. *See, e.g., Shanahan v. City of Chicago,* 82 F.3d 766, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). *See also Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 774 (7th Cir. 1995) (stating that "[c]onsistently, we have affirmed denials of a motion for leave to amend under circumstances similar to those presented here, specifically where a plaintiff has sought leave to amend after the defendant filed a successful motion for summary judgment").

In the present case, Gonzalez's counsel certainly knew a short time after the complaint was filed that the legal sufficiency of the single stated claim (that an attorney's verification of a complaint is *per se* a violation of the FDCPA) was doubtful. Gonzalez's attorneys in this case were also the plaintiff's attorneys in the *Bradley* case, in which the court dismissed that claim just one month after this case was filed. Gonzalez's briefs on Lawent's motion for summary judgment made no effort to discuss or distinguish *Bradley*.

Gonzalez has provided no explanation for failing to move to amend sooner. He states that evidence obtained during discovery "indicates that defendant may have violated the FDCPA in other ways." (Pl.'s Mot. Leave File Am. Compl. ¶ 3.) However more than seven months elapsed between the close of discovery and the filing of his motion to amend.

The likely explanation may be found in Gonzalez's reply in support of his previous cross-motion for summary judgment—a motion that was withdrawn in order to permit the filing for leave to amend. In that reply, Gonzalez argued that the original complaint gave Lawent "adequate notice that plaintiff was suing him under the FDCPA, and [Lawent's] failure to file a motion to dismiss .

. . indicates Lawent's *implied consent* to include other FDCPA violations uncovered in discovery."
(Pl.'s Reply Supp. Mot. Summ. J. at 2, emphasis added.) [Dkt 35.] Gonzalez cited no authority for his "implied consent" theory.[4]

Some of the claims that Gonzalez now seeks to assert are significantly different from the original claim, albeit growing out of the same occurrence. For example, even under the standard of notice pleading, the original claim (that Lawent violated the FDCPA by verifying the complaint) did not give Lawent fair notice that Gonzalez was also claiming that Lawent violated the FDCPA by misrepresenting the nature and amount of the debt.

The procedural history suggests that Gonzalez's counsel failed to appreciate the need to file an amended complaint. However, the ultimate question is whether amending the complaint at this time will result in undue prejudice to Lawent.

> [V]irtually every amendment to a complaint results in some degree of prejudice to the defendant in that the potential for additional discovery arises as well as the

---

[4] The two cases cited in Gonzalez's reply on that point, *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir. 1992), and *Drennan v. Van Ru Credit Corp.*, 950 F. Supp. 858 (N.D. Ill. 1996), provide no authority for granting summary judgment on claims not alleged. Indeed, the *Tolle* case demonstrates the procedural tangles created when the plaintiff's complaint fails to express claims correctly. In *Tolle*, the Seventh Circuit allowed a complaint for denial of employment benefits, which had pleaded state law claims for breach of contract, to be considered as pleading claims under ERISA, in light of a then-recent decision holding that ERISA's preemption of state law claims means that "a complaint about pensions rests on federal law no matter what label its author attaches." 977 F.2d at 1136 (quoting *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1075 (7th Cir. 1992)). However, the court observed that the plaintiff had "pushed the bounds of waiver" and that it was giving her "the benefit of the doubt." *Id.* at 1135. The case then was remanded for consideration of whether, when viewed as ERISA claims, the breach of contract claims were barred by the statute of limitations. *Id.* at 1142. In the *Drennan* case, the court denied a motion to dismiss under Rule 12(b)(6), notwithstanding the fact that the allegations of the complaint did not support a claim under some of the sections of the FDCPA cited by the plaintiff, because the allegations and reasonable inferences therefrom stated a claim under two of the FDCPA sections alleged by the plaintiff (Sections 1692e(5) and (4)). 950 F. Supp. at 859, 861.

possibility of a delay of the trial date. Thus, we have held that a motion for leave to amend will be denied only where such an amendment would cause "undue prejudice" to the defendant.

*Lanigan v. LaSalle Natl. Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985). "[T]he court must balance the hardship to the moving party if leave to amend is denied, and the reasons for failing to include the material in the original pleading, against the injustice to the adverse party if the motion is granted, to determine whether there is sufficient prejudice to deny leave to amend." *Ash v. Theros Intl. Gaming, Inc.*, No. 99 C 5140, 2001 WL 869621 at *3 (N.D. Ill. Aug. 1, 2001) (Keys, M.J.).

Lawent's response to the motion to amend does not specify any particular prejudice that would result from granting the motion to amend, other than the general statement that he concentrated his defense on the original complaint. (Def.'s Resp. Pl.'s Mot. File Am. Compl. at 2.) Lawent does not identify any additional discovery that would be required if the amended complaint is permitted, although at oral argument on the motions he suggested that he may seek Gonzalez's deposition. The additional claims now proposed in the amended complaint were addressed in Gonzalez's cross-motion for summary judgment, so Lawent is aware of the facts that Gonzalez believes support his new claims. There does not appear to be any prejudice to Lawent that cannot be cured by allowing additional discovery, which, given the nature of the amended complaint, is not likely to be extensive. The case has not been pending an unduly long time. Thus, there does not appear to be any undue prejudice to Lawent from the filing of the amended complaint.

Futility

"The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (internal quotations omitted).

The proposed amended complaint includes two claims raising the issue of when a verification "on information and belief" might violate the FDCPA. Paragraph 47 alleges that "[t]he verification of a complaint by counsel on information and belief is a deceptive and unfair practice, in violation of 15 U.S.C. § 1692f, when counsel has no personal knowledge of the truth or falsity of the complaint's contents and conducts no investigation into the validity of the debt, but delegates the same to a collection agency." (Proposed Am. Compl. ¶ 47.) Paragraph 49 is somewhat different, alleging that "[i]t is a violation of the FDCPA for an attorney to verify a complaint when the attorney has no personal knowledge of the truth or falsity of the complaint's contents, conducts no investigation into the validity of the debt, and is presented evidence prior to verifying the complaint that the debt in question as been paid in full." *(Id.* ¶ 49.)

The claim set out in Paragraph 47 is indistinguishable from the allegation found to be insufficient in the *Bradley* case, where the disputed verification stated that it was "based upon information supplied by Plaintiff [creditor]." 2003 WL 21011801 at *2, 3. The court in *Bradley* held that the verification did not violate either §1692e or § 1692f. *Id.* at *3. Illinois law permits verification of a complaint on information and belief. 735 Ill. Comp. Stat. § 5/2-605; *Stanley Magic-Door, Inc. v. City of Chicago*, 393 N.E.2d 535, 537 (Ill. App. Ct. 1979) (stating that "even where the pleadings are verified, the matters may be stated positively or upon information and belief"). The reasoning of the court in the *Bradley* case is persuasive. The allegations of Paragraph 47 of the

-13-

proposed amended complaint fail to state a claim, and thus, leave to amend to plead that allegation is denied.

However, the claim set out in Paragraph 49 is significantly different, alleging that Lawent verified a complaint in spite of being presented evidence undermining the accuracy of that complaint. Determining futility on a motion to amend requires applying the same standard as on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *General Elec. Capital*, 128 F.3d at 1085. A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). It cannot be said that there are no facts that Gonzalez could prove consistent with the allegations of Paragraph 49 that would support recovery under the FDCPA. *See, e.g., Carroll v. Butterfield Health Care*, No. 02 C 4903, 2003 WL 22462604 at *2 (N.D. Ill. Oct. 29, 2003) (Marovich, J.) (denying motion to dismiss count in complaint alleging that attorney violated the FDCPA by attempting to collect a debt he knew was contrary to the Medicaid Act).

Although Lawent contests Gonzalez's factual allegations, on a motion for leave to amend, as on a motion to dismiss, the court must assume the truth of the allegations. Whether Gonzalez can prove facts supporting the claims made in Paragraphs 48, 49 and 50 of the proposed amended complaint is an issue that remains for a later day, following an opportunity for discovery on those claims.

Gonzalez's motion for leave to file the proposed amended complaint is granted, except as to Paragraph 47, as to which it is denied. Gonzalez may file an amended complaint that does not include the claim alleged in proposed Paragraph 47.

### III. Lawent's Request for Attorney's Fees

Under the FDCPA, the court may award attorneys' fees to a prevailing defendant upon a finding that the lawsuit "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The Seventh Circuit has stated that the statute requires that the "entire lawsuit," not just a single claim, be brought in bad faith and for harassment purposes. *Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003). An award is not justified when the plaintiff prevails on some of the claims and has colorable arguments on the claims on which he did not prevail. *Id.* In light of the fact that leave to file an amended complaint is being granted, any decision under Section 1692k(a)(3) in this case is premature.

Lawent also complains that since the filing of the lawsuit in April 2003, he has concentrated his defense on the original complaint, and now, after discovery has ended, Gonzalez seeks to amend his claim. (Def.'s Resp. Pl.'s Mot. File Am. Compl. at 2-3.) He correctly observes that Gonzalez's attorneys are experienced in litigating FDCPA claims. Lawent asks that, if leave to amend is granted, the court award him attorney's fees for the time and effort he expended defending the first complaint. (*Id.* at 3.)

As discussed above, there is some force to Lawent's argument that Gonzalez's counsel should have moved to amend the complaint earlier. On the other hand, Lawent is also experienced in litigating FDCPA cases.[5] He could have moved to dismiss the original complaint, but chose to wait until discovery was completed and to file a motion for summary judgment. The discovery that

---

[5] *See, e.g., Shula v. Lawent*, No. 01 C 4883, 2004 WL 1244030 (N.D. Ill. June 7, 2004) (Keys, M.J.); *Blum v. Lawent*, No. 02 C 5596, 2003 WL 22078306 (N.D. Ill. Sept. 8, 2003) (Pallmeyer, J.); *Horkey v. J.V.D.B. & Assoc., Inc.*, 179 F. Supp. 2d 861 (N.D. Ill. 2002).

was taken previously will be applicable to the remaining claims. Lawent's motion for attorney's fees is denied.[6]

## CONCLUSION

For the foregoing reasons, Lawent's Motion for Summary Judgment is granted; Lawent's Motion for Finding Pursuant to 15 U.S.C. §1692k(a)(3) is denied; Gonzalez's Motion for Leave to File An Amended Complaint is granted. Gonzalez may file and serve by September 23, 2004 a revised amended complaint not including the allegations of Paragraph 47 of the Proposed Amended Complaint. Lawent shall respond to that amended complaint within 14 days of service. Status in this case is hereby set for November 2, 2004 at 9:45 a.m.

It is so ordered.

*[signature]*
Geraldine Soat Brown
United States Magistrate Judge

September 9, 2004

---

[6] Because Lawent's motion for fees is denied, it is not necessary to reach the issue of whether, as a *pro se* defendant, Lawent has incurred any fees that could be awarded.